---

# IN RE REID.

ATTORNEYS; DISBARMENT.

Where an attorney of this court in an affidavit resisting a motion by the appellee in a pending appeal, to strike from the record a statement

of evidence in the cause charged one of appellee's counsel with having colluded with a justice of the lower court in attempting to obtain an order of that court which he claimed would have had the effect of establishing a basis for a claim that there had been a legal adjudication of the question involved when in fact the court was without jurisdiction; and also charged such counsel with unfair practice in obtaining the trial of the cause by another of the justices of that court; and the grievance committee of the bar, to which the matter was referred by this court, found that such charges were untrue, this court, after an answer was filed by the attorney to the report of the committee, found that the affidavit in which the charges were made was not a proper reply to the motion to strike out, and that the charges of collusion and unfair practice were false, and thereupon disbarred the attorney from further practice before this court, and directed that his name be stricken from the rolls of attorneys and counselors of this court. (Citing *Re Adriaans,* 17 App. D. C. 39.)

Decided May 22, 1916.

REPORT of the Grievance Committee of the Bar concerning alleged misconduct of an attorney of this court, and his answer thereto. *Attorney disbarred.*

The facts are stated in the opinion.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

On November 20, 1915, Ray S. Reid filed in this court an affidavit resisting a motion of the appellee in the case of Lucien Reid against Harriet D. Dodge and Samuel J. Bradford to strike from the record a statement of the evidence in said cause because the same was not made by and certified in accordance with a rule of court.

In said affidavit it was alleged, referring to an informal appearance before Mr. Justice Wright of the supreme court of the District of Columbia by affiant and John W. Yerkes, attorneys for defendant, "that affiant became convinced from the looks, actions, and conversation of the said Judge Wright and

said John W. Yerkes, that they were acting in collusion to the end that some kind of an order might be made by said probate division of the supreme court of the District that would give some basis to a claim to be made by the appellees that there had been a legal adjudication of the question of interest, and that the affiant did not discuss said question of interest at that meeting at all, but confined what he had to say to the question of the jurisdiction of the probate division of said supreme court over the questions involved."

After referring to the separate proceeding in equity, which was partly heard by Mr. Justice Siddons of the supreme court of the District, sitting in the equity court, the affiant said: "At the time of the hearing on said rule it was discovered that the said Mr. Justice Siddons would not be able to sit upon the trial of the cause as soon as it was expected that he would, and an effort was made to set a date upon which he could take it up. That a date was set tentatively at such a distant period of time that affiant determined to go to the State of Wisconsin during the interim. That during affiant's absence, the appellees through their authorized attorneys, took steps to have the case taken away from Mr. Justice Siddons and brought on for hearing before Mr. Justice Gould. That affiant had no notice of that proceeding and no knowledge of it until he returned from Wisconsin to the city of Washington, either one or two days before the expected commencement of said trial. That at the first opportunity affiant had at the opening of the said trial before Mr. Justice Gould, affiant asked Mr. Justice Gould to return this cause to be heard before Mr. Justice Siddons, for the reason that he, the said Mr. Justice Siddons had already tried out the most important half of it, and was familiar with the aspects of the case which had been gone through with up to that time, and would necessarily have to be gone over again to get any thorough comprehension of the subject, but that Mr. Justice Gould refused to send such cause back to Mr. Justice Siddons for trial. That there were many acts occurring during the progress of the trial before Mr. Justice Siddons, and scenes which could not be

reproduced at the said trial, and that the said appellees gained a very material and distinct advantage over the appellant by having the said cause tried before Mr. Justice Gould instead of Mr. Justice Siddons, which said advantage was unfair to this appellant and constitutes one of the many unfair practices which the appellees have indulged in at the expense of this appellant."

This affidavit, or so much as is quoted in the above, was, on motion of Mr. John W. Yerkes, stricken from the files, and the matters alleged therein were referred to the grievance committee of the bar, which had been appointed by this court at a former term, with instruction to inquire into the same and report to this court.

Thereafter, the said committee gave notice to the said Ray S. Reid to appear before them and answer the said complaint. The said Ray S. Reid appeared before said committee and was heard regarding the matters therein complained of, and said committee reported to this court the proceedings in said cause, which included the testimony of Mr. Justice Wright and Mr. Justice Siddons, Mr. John W. Yerkes, and others.

The committee reported the proceedings on the hearing and made the following statement: "As in duty bound, charge that, in an affidavit filed in this court, in the case of Lucien T. Reid v. Harriet D. Dodge, No. 2892, the said Ray S. Reid, a member of the bar of this court, untruly and without reasonable cause therefor charged John W. Yerkes, Esq., a member of the bar of this court, with causing the transfer of the said cause in the supreme court of the District of Columbia for hearing from one of the justices thereof to another of the justices thereof, thereby gaining an unfair advantage and constituting unfair practice; and, further, with having been guilty of collusion with a justice of the supreme court of the District of Columbia in the said cause to establish a basis for the claim that there had been a legal adjudication of a question involved therein, when in fact the court was without jurisdiction over the person of Lucien T. Reid for the purpose of adjudicating such question."

Upon the receipt of said report and the evidence submitted

therewith, the clerk of this court was directed to give notice to said Ray S. Reid that the same would be heard in this court May 1, 1916, and he was notified and replied to the same.

The answer of the respondent denies, first, that he charged the said John W. Yerkes, Esq., with gaining an unfair advantage by reason of such removal, or that such removal constituted unfair practice; he denies that he charged said John W. Yerkes with having been guilty of collusion with a justice of the supreme court of the District of Columbia, in the said cause; he denies that he charged the said John W. Yerkes with having been guilty of collusion with a justice of the supreme court of the District of Columbia, in the said cause to establish a basis for the claim that there had been a legal adjudication of a question involved therein; he denies he charged the said Yerkes with having been guilty of collusion with a justice of the supreme court of the District of Columbia in the said cause to establish a basis for the claim that there had been a legal adjudication of a question involved therein, when in fact the court was without jurisdiction over the person of Lucien T. Reid, for the purpose of adjudicating such question.

In the course of his argument in support of said answer, respondent argues that the word "collusion" in the affidavit was used without distinct apprehension of its meaning, and makes the following assertion: ·

"If the court is of the opinion that respondent should show that he had some foundation for using the word 'collusion' as it is used in the affidavit, he alleges that the action was brought on the ground of fraud, coercion, and breach of trust on the part of the defendants as trustees.

"That the undisputed evidence in the case shows that some of the acts which constituted such fraud and coercion, as claimed by the plaintiff, were performed by Mr. Yerkes.

"That evidence showed that he was acting as attorney for the defendants as executors, and in that capacity wrote to respondent, saying that the probable action of the defendants would be to close up the estate as executors and take over the funds set aside for the plaintiff into their hands as trustees.   *   *   *

"That respondent has always had it in mind that said order was an oppressive one, and intended to coerce the plaintiff into settling the case alluded to, and constituted an act of fraud.

"That such was the matter that was in the mind of the respondent when he made the affidavit in question.

"That he did not have the theory of what constituted collusion clearly in mind, but that fraud, coercion, and oppression and collusion seemed to him to be relative and corresponding terms.

"Respondent is not unmindful of the fact that he did not have the authorities herein quoted in mind at the time the affidavit was made.

"He did have a somewhat hazy and indistinct conception of the meaning of the word as defined by those authorities, and as he sees the issue now, he had a right to use the word, in view of the claim he was making that the action of Mr. Yerkes and Judge Wright constituted constructive fraud. At least, he cannot be held to have used it in a scandalous manner.

"The fact that Mr. Yerkes acted as attorney for the defendants as executor and also as attorney for the defendants in their capacity of trustees, whose interests were antagonistic to the interests of the executor, and the further fact that he acted as the attorney for the defendant, Mrs. Dodge, in her capacity as residuary legatee, and, while acting for the residuary legatee, declared in a letter in evidence that he would not need more than two minutes to decide a question which he did decide against the *cestui que trust*, made the situation somewhat confusing, and may have had something to do with the use of the word 'collusion.'

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*

"That if respondent had taken the time to ascertain the real meaning of the word 'collusion' he would not have used it.

"Respondent says he regrets he used the word, or any word that contains any meaning more offensive than is necessary to fairly present the issue at hand."

The court find that the affidavit heretofore referred to was not a proper reply to the motion to strike out the statement. It

IN RE REID.

appears from the evidence taken by the committee that the charge of collusion was without any foundation in fact, and also, that the charge of unfair practice in obtaining a trial of said cause by Mr. Justice Gould was equally unfounded.

The question presented is, "What action shall be taken by this court?"

As stated by Mr. Chief Justice Alvey in *Re Adriaans*, 17 App. D. C. 39–47, "The oath taken by the attorney pledges him to demean himself as an attorney and counselor of the court uprightly and according to law. He and all other attorneys becoming members of the bar of the particular court in which the oath is taken, become officers of the court, and as such are bound to observe a proper decorum in their professional dealings and relations, not only with the court, but with their brother members of the bar. He has no right to attempt to cast foul and unfounded aspersions upon the character and conduct of his brother members of the bar, any more than he has to asperse and defame, without justification, the character and motives of the judge upon the bench. Especially is he without warrant in an attempt to make the records of the courts, from the lowest to the highest, vehicles of malicious scandal and libel of any member of the bar. Upon any other principle for the government of the bar, it would be impossible to conduct business with decorum and with due regard to the orderly proprieties of a court of justice. To tolerate such a precedent as this case would make, would subject any attorney, in the performance of his duty, and upon any unfounded pretense supposed to be available to his adversary, to the most unjust and outrageous imputations upon his character and conduct. The bar are entitled to be protected against such abuse of privileges by any of its brother members. Indeed, the power of disbarment, as means of protection, would be of little practical use, if it were not applicable to such cases."

Again (page 50) quoting from *Ex parte Wall*, 107 U. S. 265, 27 L. ed. 552, 2 Sup. Ct. Rep. 569, the chief justice said: "The proceeding is in its nature civil, and collateral to any criminal

prosecution by indictment. The proceeding is not for the purpose of punishment, but for the purpose of preserving the courts of justice from the official ministration of persons unfit to practise in them. Undoubtedly, the power is one that ought always to be exercised with great caution; and ought never to be exercised except in clear cases of misconduct, which affect the standing and character of the party as an attorney. But when such a case is shown to exist, the courts ought not to hesitate, from sympathy for the individual, to protect themselves from scandal and contempt, and the public from prejudice, by removing grossly improper persons from participation in the administration of the laws. The power to do this is a rightful one; and, when exercised in proper cases, is no violation of any constitutional provision."

In view of what was said and done in that case, the court is of opinion that the charge was not necessary to the hearing of the motion; that it was false, and without any excuse. It is considered by the court that the seriousness of the charge against not only members of the bench, but a member of the bar, calls for action by this court, and we are of the opinion that the said Ray S. Reid ought to be disbarred as an attorney of this court, and that he is hereby disbarred from further membership of the bar of this court, and that his name be stricken from the rolls of attorneys and counselors thereof.